# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>           Plaintiff,<br><br>     v.<br><br>CORCORAN PRISON - CDCR, et al.,<br><br>           Defendants. | CASE NO. 1:11-cv-01565-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>Doc. 10<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

On June 14, 2011, Plaintiff Durrell Anthony Puckett ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. Doc. 1. On September 13, 2011, Defendants removed this action to Federal Court. *Id.* On October 27, 2011, Plaintiff filed a motion for temporary restraining order against prison officials at Corcoran State Prison. The Court construes this as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley*

*Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's property issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Therefore, the Court lacks jurisdiction over prison officials at Corcoran State Prison for loss of property.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion, filed October 27, 2011, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 8, 2012

UNITED STATES MAGISTRATE JUDGE