# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | CASE NO. 1:11-cv-01565-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CORCORAN PRISON - CDCR, et al., | Doc. 13 |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On June 14, 2011, Plaintiff Durrell Anthony Puckett ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. Doc. 1. On September 13, 2011, Defendants removed this action to Federal Court. *Id.* On March 8, 2012, this Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his a cognizable claims against Defendants Johnson, Manquero, Gonzalez, and Guajardo ("Defendants") for Eighth Amendment excessive force. Doc. 11. On March 16, 2012, Plaintiff filed a first amended complaint. Doc. 13. On April 5, 2012, Defendants filed an answer to the first amended complaint. Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case <u>at any time</u> if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's complaint, he names California State Prison, Corcoran, Traci Lewis, Humberto Gonzalez, Sergeant Andrew V. Johnson, Damien Manquero, Jimmy A. Keener, Gerardo Guajardo, and Raelene Eckmann, who were employed at Corcoran. *Id.*

Plaintiff alleges that on August 18, 2010, Lieutenant Keener directed Officer Guajardo to destroy Plaintiff's legal and personal property. *Id.* at 3. Plaintiff states Keener prevented him from having access to his criminal appeal documents, which caused him to lose his life sentence case. *Id.* Plaintiff states that he was emotionally stressed out and had suicidal / homicidal thoughts from August 2010 to November 16, 2010. *Id.* Plaintiff is still paranoid, having suicidal thoughts and

flashbacks by Kenner's behavior. *Id.* Keener sent Plaintiff to suicide watch out of anger and reprisal and to cover up brutality. *Id.* On August 18, 2010, Keener intentionally told Eckmann to falsify his 115 hearing so Keener could confiscate and destroy his property. *Id.* Plaintiff was deprived of writing motions and his family. *Id.* Keener directed officers to attack Plaintiff to discourage him from filing more complaints. *Id.*

On August 24, 2010, Plaintiff was falsely placed on suicide watch. *Id.* The brutal attack Keener directed caused Plaintiff to suffer excessive paranoia / flashbacks / suicidal, and he is still suffering emotionally from August 2010 to the present. *Id.*

Eckmann knew that by falsifying Plaintiff's refusal to attend the hearing it wrongfully gave Keener grounds to hold Plaintiff's property for ninety days, although Eckmann already knew Keener directed it to be illegally destroyed. *Id.* at 4. Manquero, Johnson, Gonzalez, and Guajardo wrote a false 115 (rules violation report or RVR), knew they were violating my rights to cover up brutality, and knew Plaintiff was going to be further punished. *Id.*

On August 24, 2010, Manquero, Johnson, Gonzalez, and Guajardo attacked Plaintiff. *Id.* One of the officers knocked Plaintiff down, punching, choking, and kicking, and then Johnson pepper sprayed Plaintiff in the face while he was handcuffed. *Id.* The false 115 (rules violation report or RVR) will cause Plaintiff to do an additional eighteen month SHU term. *Id.* at 3-4. Lewis falsified the 7219 report, saying Plaintiff had no injuries when Plaintiff had blood, bruises, and cuts. *Id.* at 4. Lewis knew that by lying Plaintiff's complaint would be groundless. *Id.* Lewis denied Plaintiff adequate medical care by not treating Plaintiff. *Id.* Eckmann and Lewis knew their false report was wrongful and a violation of Plaintiff's rights. *Id.*

For relief, Plaintiff wants cameras placed in the areas frequented by inmates; to dismiss his August 24, 2010 SHU term; and money damages. *Id.* at 3.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be

imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on Defendants merely upon position of authority, based on vague or other conclusory allegations.

### B. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Id.*

Plaintiff appears to allege a conspiracy between all Defendants, but the allegations are conclusory and there are no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

### C. Destroyed Property

Plaintiff alleges that on August 18, 2010, Lieutenant Keener directed Officer Guajardo to destroy Plaintiff's legal and personal property. Am. Compl. at 3. Plaintiff states Keener intentionally told Eckmann to falsify his 115 hearing so Keener could confiscate and destroy his property. *Id.* Eckmann knew that by falsifying Plaintiff's refusal to attend the hearing it wrongfully gave Keener grounds to hold Plaintiff's property for ninety days, although Eckmann already knew Keener directed it to be illegally destroyed. *Id.* at 4.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff appears to allege that a conspiracy existed between Keener, Guajardo, and Eckmann to illegally destroy Plaintiff's property. An unauthorized intentional deprivation of property is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-

deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

### D. Intentional Infliction of Emotional Distress

Plaintiff states that he was emotionally stressed out and had suicidal / homicidal thoughts from August 2010 to November 16, 2010. Am. Compl. at 3. Plaintiff is still paranoid, having suicidal thoughts and flashbacks by Kenner's behavior. *Id.* On August 24, 2010, Plaintiff was falsely placed on suicide watch. *Id.* at 3. The brutal attack Keener directed caused Plaintiff to suffer excessive paranoia / flashbacks / suicidal, and he is still suffering emotionally from August 2010 to the present. *Id.*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.

Plaintiff's vague allegations regarding "Keener's behavior" does not constitute outrageous conduct. Plaintiff alleges Keener "directed" the brutal attack, which caused him emotional distress. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor*, 880 F.2d at 1045; *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II*, 479 F.3d at 1182; *Harris*, 126 F.3d at 1204. Plaintiff fails to state a claim of intentional infliction of emotional distress against Defendants.

### E. Eighth Amendment Deliberate Indifference to Serious Medical Need

Plaintiff states that Lewis falsified the 7219 report, saying Plaintiff had no injuries when Plaintiff had blood, bruises, and cuts. Am. Compl. at 4. Plaintiff states Lewis denied Plaintiff

adequate medical care by not treating Plaintiff. *Id.*

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'<u>a serious medical need</u>' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (emphasis added) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's vague allegation that Lewis denied Plaintiff adequate medical care by not treating Plaintiff is insufficient to state a cognizable Eighth Amendment claim. Plaintiff fails to allege how Defendant Lewis knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### F. First Amendment Retaliation

Plaintiff alleges Keener sent Plaintiff to suicide watch out of anger and reprisal and to cover up brutality. Am. Compl. at 3. Plaintiff alleges that Keener directed officers to attack Plaintiff to discourage him from filing more complaints. *Id.* Manquero, Johnson, Gonzalez, and Guajardo wrote a false 115 (rules violation report or RVR), knew they were violating my rights to cover up brutality, and knew Plaintiff was going to be further punished. *Id.* at 4.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.

1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a claim for First Amendment retaliation against Defendant Keener. With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Plaintiff's bare allegations that Keener sent Plaintiff to suicide watch and directed the attack on Plaintiff is insufficient to hold him liable based on his position of authority as Plaintiff has not alleged any facts linking him to acts or omissions, which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Keener based upon supervisory liability.

Plaintiff does not state a cognizable claim for First Amendment retaliation against any Defendants. Plaintiff does not allege that he was engaged in First Amendment protected conduct; that Defendants' actions chilled a protected First Amendment right; or that Defendant's actions did

not reasonably advance a legitimate correctional goal.

### G. First Amendment Right of Access to Courts

Plaintiff states Keener prevented him from having access to his criminal appeal documents, which caused him to lose his life sentence case. Am. Compl. at 3.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

To the extent Plaintiff is alleging unlawful confinement, such a claim is not cognizable under § 1983. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

### H. Eighth Amendment Excessive Force

Plaintiff alleges that on August 24, 2010, Manquero, Johnson, Gonzalez, and Guajardo attacked Plaintiff. Am. Compl. at 4. One of the officers knocked Plaintiff down, punching, choking, and kicking, and then Johnson pepper sprayed Plaintiff in the face while he was handcuffed. *Id.* The false 115 (rules violation report or RVR) will cause Plaintiff to do an additional eighteen month SHU term. *Id.* at 3-4. Lewis falsified the 7219 report, saying Plaintiff had no injuries when Plaintiff had blood, bruises, and cuts. *Id.* at 4. Keener directed officers to attack Plaintiff to discourage him from filing more complaints. *Id.* at 3.

The Eighth Amendment protects prisoners from the use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . " *Hudson*, 503 U.S. at 8. "The objective

component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these factors, prison authorities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell*, 441 U.S. at 547).

Plaintiff fails to state a claim for Eighth Amendment excessive force against Defendant Keener. Plaintiff's bare allegation that "Keener directed" the officers to attack Plaintiff is insufficient to hold him liable based on his position of authority as Plaintiff has not alleged any facts linking him to acts or omissions, which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983

against Defendant Keener based upon supervisory liability.

Plaintiff does not state an excessive force claim against Defendant Lewis, as Plaintiff does not allege Lewis used any force on Plaintiff.

Plaintiff states a cognizable Eighth Amendment excessive force claim against Defendants Manquero, Johnson, Gonzalez, and Guajardo.

**I. False Reports**

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

**J. Fourteenth Amendment Right to Due Process**

Plaintiff alleges the false 115 (rules violation report or RVR) will cause Plaintiff to do an additional eighteen month SHU term. Am. Compl. at 4.

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id.* Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484; *Myron v. Terhune*, 476 F.3d 716, 718

(9th Cir. 2007).

Assuming Plaintiff is able to allege facts sufficient to show he was deprived of a protected liberty interest, Plaintiff must demonstrate that he was denied the limited procedural protections he was due under federal law. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

The violation of Title 15 regulations provides no basis for the imposition of liability in this action and those claims are dismissed, with prejudice. *Sandin*, 515 U.S. at 483-84. Plaintiff does have a right under federal law to the appointment of an investigative employee and to call witnesses, although the right is not unqualified. *Wolff*, 418 U.S. at 566-70. However, to pursue a claim for denial of those procedural protections, Plaintiff must first establish the existence of a liberty interest, and he has not done so. *Wilkinson*, 545 U.S. at 221.

Plaintiff does not have a right, as a matter of law, to avoid confinement in administrative or disciplinary segregation and Plaintiff has alleged no facts demonstrating that he was subjected to atypical and significant hardship. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU). Therefore, Plaintiff fails to state a claim

for denial of due process.

## K. Eleventh Amendment Immunity

In Plaintiff's amended complaint, he names California State Prison, Corcoran. As a state agency, the California State Prison, Corcoran is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the California State Prison, Corcoran is an improper Defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against California State Prison, Corcoran.

## IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed March 16, 2012, for his Eighth Amendment excessive force claim against Defendants Damien Manquero, Sergeant Andrew V. Johnson, Humberto Gonzalez, and Gerardo Guajardo;

2. Plaintiff's claims of supervisory liability, conspiracy, destroyed property, intentional infliction of emotional distress, deliberate indifference to medical need, retaliation, access to courts, false reports, and due process are DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

3. Plaintiff's claims against Defendants California State Prison, Corcoran, Traci Lewis, Jimmy A. Keener, and Raelene Eckmann are DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

//
//
//
//
//
//
//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 13, 2012

_____
UNITED STATES MAGISTRATE JUDGE