IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORCORAN PRISON - CDCR, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01565-LJO-GBC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. 15) |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this matter was referred to a United States Magistrate Judge. Now pending before the Court are the findings and recommendations issued by the magistrate judge on April 13, 2012.

    The magistrate judge has screened Plaintiff's first amended complaint and recommends that he be allowed to proceed only against Defendants Damien, Manquero, Johnson, Gonzales, and Guajardo for the use of excessive force in violation of the Eighth Amendment. As to any other claim that might be construed from the pleadings, the magistrate judge recommends that those claims be dismissed with prejudice. These include claims for: (1) supervisory liability; (2) conspiracy; (3) intentional infliction of emotional distress; (4) destruction of property; (5) deliberate indifference to serious medical needs; (6) retaliation; (7) access to the courts; (8) false reporting; and (9) violations of due process. Having been notified by the magistrate judge that either of the parties could file objections to the findings and recommendations, Plaintiff filed timely objections on April 24, 2012.

1　　　The Court has conducted a *de novo* review of this case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C).  Having carefully reviewed the entire record, the Court declines to adopt the magistrate judge's recommendation to dismiss the following claims: (1) Plaintiff's First Amendment retaliation claim against Defendant Keener; (2) Plaintiff's First Amendment access to the courts claim against Defendant Keener; (3) Plaintiff's Eighth Amendment excessive force claim against Defendant Keener; (4) Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Lewis; and (5) Plaintiff's state law claim for intentional infliction of emotional distress against Defendant Keener.  The magistrate judge's recommendations are adopted in all other respects.

　　　*First*, Plaintiff appears to state a cognizable claim for retaliation under the First Amendment against Defendant Keener.  Under the First Amendment, a viable claim for retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Here, Plaintiff maintains that Defendant Keener ordered other officers to destroy Plaintiff's legal property due to Plaintiff's lawsuit against the prison.  Plaintiff also alleges that Defendant Keener ordered other officers to attack Plaintiff to discourage him from filing any more complaints.  These allegations are sufficient to state a retaliation claim against Defendant Keener.

　　　*Second*, Plaintiff appears to state a cognizable claim for being denied access to the courts by Defendant Keener.  Under the First Amendment, an inmate has a right to file and pursue direct criminal appeals, habeas petitions, and civil rights actions in court.  Lewis v. Casey, 518 U.S. 343, 346, 354 (1996).  To establish a violation of this right, an inmate must show that he suffered an actual injury by being shut out of court by the defendant.  Id. at 351-53; see also Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  Here, Plaintiff alleges that he lost his "life sentence case" because Defendant Keener withheld Plaintiff's "criminal appeals documents" and destroyed Plaintiff's legal property.  Liberally construed, this allegation is sufficient to state an access to the courts claim against Defendant Keener under the First Amendment.

　　　*Third*, Plaintiff appears to state a cognizable claim for the use of excessive force by Defendant

Keener. In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Further, a supervisor may be held liable only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff alleges that Defendant Keener ordered other officers to attack Plaintiff solely for the purpose of discouraging him from filing future complaints. Plaintiff alleges further that the other officers did in fact attack him on August 24, 2010, by knocking him to the ground, chocking him, punching and kicking him, and spraying pepper spray in his face. These allegations are sufficient to state a claim for the use of excessive force against Defendant Keener.

*Fourth*, Plaintiff appears to state a cognizable claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Here, Plaintiff alleges that after he was attacked, Defendant Lewis was aware that Plaintiff was bleeding and had various cuts and bruises. According to Plaintiff, instead of providing him with medical treatment, Defendant Lewis falsified a prison report stating that Plaintiff was not injured. These allegations are sufficient to state a claim against Defendant Lewis for deliberate indifference to serious medical needs.

*Fifth*, Plaintiff appears to state a cognizable claim for the intentional infliction of emotional distress. In California, the elements for a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffering severe emotional distress; and (3) actual and proximate causation. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). Here, Plaintiff alleges that as a result of the retaliatory attack ordered by Defendant Keener on August 24, 2010, he suffered severe paranoia and suicidal ideation. Liberally construed, this allegation gives rise to a claim against Defendant Keener for intentional infliction of emotional distress. See Blankenhorn v. City of Orange, 485 F.3d 463, 463 n.17 (9th Cir. 2007) (the use of excessive force may constitute outrageous conduct and give rise to a claim for intentional infliction of emotional distress).

3

1  Accordingly, for all the reasons set forth above:

2  1. The magistrate judge's findings and recommendations are ADOPTED IN PART.

3  2. This action shall proceed on the following claims:

4  a. Retaliation by Defendant Keener in violation of the First Amendment;

5  b. The denial of access to the courts by Defendant Keener in violation of the First Amendment;

7  c. The use of excessive force by Defendants Keener, Damien, Manquero, Johnson, Gonzales, and Guajardo in violation of the Eighth Amendment;

9  d. Deliberate indifference to serious medical needs by Defendant Lewis in violation of the Eighth Amendment; and

11  e. Intentional infliction of emotional distress by Defendant Keener.

12  3. All other claims are DISMISSED with prejudice.

13  4. This action is REMANDED to the magistrate judge for further proceedings consistent with this order.

19  IT IS SO ORDERED.

20  **Dated:   May 15, 2012**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE

4