# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CORCORAN PRISON - CDCR, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01565-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE TO RE-FILING ONCE DISCOVERY HAS BEEN COMPLETED, PURSUANT TO RULE 56(d)<br><br>Doc. 27<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations**

**I. Procedural Background**

On June 14, 2011, Plaintiff Durrell Anthony Puckett ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. Doc. 1. On September 13, 2011, Defendants removed this action to Federal Court. *Id.* On May 15, 2012, the District Judge declined to adopt in part, findings and recommendations, and ordered this action to proceed on the cognizable federal law claims of First Amendment retaliation and denial of access to courts by Defendant Keener; Eighth Amendment excessive force by Defendants Keener, Damien, Manquero, Johnson, Gonzales, and Guajardo; Eighth Amendment deliberate indifference to serious medical need by Defendant Lewis; and the state law claim of intentional infliction of emotional distress by Defendant Keener. Doc. 24.

On April 16, 2012, the Court issued a discovery and scheduling order, setting a discovery deadline of December 16, 2012, and a dispositive motion deadline of February 25, 2013. Doc. 16.

On July 23, 2012, Plaintiff filed a motion for summary judgment and exhibits in support of his motion for summary judgment. Doc. 27, 28. On August 10, 2012, Defendants filed an opposition to Plaintiff's motion for summary judgment, stating they have not had the opportunity to depose Plaintiff, and plan to depose him in November or December 2012 and file a motion for summary judgment in February 2013. Doc. 29. Plaintiff did not file a reply.

## II. Rule 56(d)

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In Defendants' opposition, Defendants state that Plaintiff's deposition is necessary in order to oppose his motion for summary judgment. Doc. 29. Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). Therefore, the undersigned recommends to deny Plaintiff's motion for summary judgment, without prejudice to re-filing once all discovery has been completed.

## III. Conclusion and Recommendation

Accordingly, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED, without prejudice to re-filing once all discovery has been completed.

//
//
//
//
//
//

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fifteen (15) days**
3 after being served with these Findings and Recommendations, the parties may file written objections
4 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations." A party may respond to another party's objections by filing a response within
6 **fifteen (15) days** after being served with a copy of that party's objections. The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 Dated:    December 17, 2012
14                                                                    UNITED STATES MAGISTRATE JUDGE