# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>   Plaintiff,<br><br>   vs.<br><br>D. BAILEY, et al.,<br><br>   Defendants. | 1:11cv01565 LJO DLB PC<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(Document 40) |

Plaintiff Durrell Anthony Puckett, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pursuant to the April 16, 2012, Discovery and Scheduling Order, the last day to file unenumerated 12(b)(6) motions was June 16, 2012. The dispositive motion deadline was February 25, 2013.

On February 25, 2013, Defendants filed a Motion for Summary Judgment. They also filed an Ex Parte Request to present an exhaustion argument in the Motion for Summary Judgment. According to Declaration of M. Wrosch in support of the application, Defendants mistakenly believed that Plaintiff's action involved one cell extraction. Upon taking Plaintiff's deposition in November 2012, however, Defendants learned that Plaintiff's action involved *two* cell extractions. Defendants believe that the claim relating to the second cell extraction is unexhausted and now seek ex parte relief. Wrosch Decl. ¶¶ 6-8.

1

Essentially, Defendants seek to modify the Discovery and Scheduling Order based on information they learned during Plaintiff's November 20, 2012, deposition.  Their decision to do so by ex parte application, filed on the last day to file dispositive motions and three months *after* their discovery of new information, is unexplained.  The Court doesn't fault counsel for making an erroneous conclusion, but rather questions why this request wasn't done by noticed motion.

Even assuming that counsel needed a month to investigate exhaustion of the second incident, there was still two months left prior to the dispositive motion deadline in which to bring a noticed motion on an issue that Plaintiff deserved an opportunity to oppose.  There is no explanation as to the delay.

Accordingly, Defendants' request for ex parte relief is DENIED.  The request should have been made by noticed motion and ex parte relief is therefore inappropriate.  The Court will not consider the portion of the Motion for Summary Judgment addressing exhaustion, and Plaintiff need not oppose the exhaustion issue.

IT IS SO ORDERED.

Dated:   **February 26, 2013**                          /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE