1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL ANTHONY PUCKETT,              1:11-cv-01565 LJO DLB (PC)

12            Plaintiff,
                                           ORDER DENYING MOTION FOR
13   vs.                                   APPOINTMENT OF COUNSEL

14   CORCORAN PRISON - CDCR, et al.,
                                           (Document 51)
15            Defendants.

16   _____/

17        On June 17, 2013, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18   does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

19   F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff

20   pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

21   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the Court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

-1-

1    In the present case, the Court does not find the required exceptional circumstances.  Even

2  if it is assumed that Plaintiff is not well versed in the law and that he has made serious

3  allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is

4  faced with similar cases almost daily.  Further, at this stage in the proceedings, the Court cannot

5  make a determination that plaintiff is likely to succeed on the merits, and based on a review of

6  the record in this case, the court does not find that plaintiff cannot adequately articulate his

7  claims.  Id.  Indeed, despite Plaintiff's mental disability, he has been able to file numerous

8  actions and sufficiently set forth his claims.

9    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

10  DENIED, without prejudice.

11    IT IS SO ORDERED.

12  **Dated:   June 20, 2013**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28