# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,            )<br>                                                          )<br>            Plaintiff,                              )<br>                                                          )<br>     vs.                                              )<br>                                                          )<br>T. LEWIS, et al.,                              )<br>                                                          )<br>            Defendants.                     )  | 1:11cv01565 LJO DLB PC<br><br>ORDER ADOPTING IN PART AND<br>MODIFYING IN PART FINDINGS AND<br>RECOMMENDATIONS<br><br>(Document 14) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Defendants filed a Motion for Summary Judgment on February 25, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 7, 2013, the Court issued Findings and Recommendations that Defendants' Motion for Summary Judgment be DENIED IN PART and GRANTED IN PART. Specifically, the Court found that summary judgment should be granted on (1) the denial of access to the courts claim against Defendant Keener; (2) the Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Lewis; (3) the retaliation claim against Defendant Keener based on the destruction of legal property; and (4) the intentional infliction of emotional

1

distress claim against Defendant Keener. The court found that summary judgment should be denied on (1) the Eighth Amendment excessive force claim against Defendants Keener, Manquero, Johnson, Gonzalez and Guajardo; and (2) the retaliation claim against Defendant Keener based on his ordering of the August 24, 2010, attack.

The Findings and Recommendations were served on the parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. Defendants filed objections on June 20, 2013, and Plaintiff replied to the objections on July 10, 2013. Plaintiff filed his own objections on July 5, 2013. Defendants did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the parties' objections and replies, the Court issues the following additional analysis to address the parties' objections.

Defendants' Objections

Defendants only object to the findings on the excessive force claim as to Defendants Manquero and Gonzalez. In recommending that summary judgment be denied, the Magistrate Judge relied on the declaration of Inmate Robinson, who testified that Defendants Keener and Johnson told him that they were going to assault him, like they assaulted Plaintiff. Inmate Robinson also states that Defendant Guajardo admitted to choking Plaintiff.

Defendants Manquero and Gonzalez believe that inmate Robinson's declaration did not create any disputed facts as to their actions. The Court agrees. Plaintiff attempts to avoid this result by submitting a verified reply in which he states that Defendants Manquero and Gonzalez assaulted him on August 24, 2010, and came up with a plan to attack him. Plaintiff states that they knew that they were going to participate in an illegal cell extraction to harass and brutalize him. Plaintiff's statements, however, are nothing more than speculative opinions and do not create a genuine dispute of material fact. Accordingly, Defendants Manquero and Gonzalez are

entitled to summary judgment on the Eighth Amendment excessive force claim, and the Findings and Recommendations are modified in this regard.

<u>Plaintiff's Objections</u>

Plaintiff first objects to the Court's finding that Defendant Lewis was not deliberately indifferent to a serious medical need. In his objections, Plaintiff states that he told Defendant Lewis about all of his injuries, "visual and non-visual." Obj. 1, ECF No. 54. He also states that Defendant Lewis saw him in pain, knew he was dizzy and saw cuts on his left thigh. Plaintiff states that Defendant Lewis did not clean his cuts, despite his request to do so. Plaintiff's statements do not, however, change the Magistrate Judge's ultimate finding that Defendant Lewis is entitled to summary judgment. As the Magistrate Judge found, his allegations are insufficient to demonstrate deliberate indifference to a serious medical need.

Plaintiff also objects to the Court's finding that Defendant Keener did not impede Plaintiff's access to the Courts. Plaintiff states that his original criminal appeal was denied as a result of Defendant Keener's destruction of his legal property, and that each new petition was denied as successive. Plaintiff's objections, however, are simply arguments and fail to set forth facts sufficient to create a genuine dispute.

Plaintiff next objects to the Magistrate Judge's analysis of the retaliation claim based on Defendant Keener's alleged destruction of property. The Magistrate Judge found that Plaintiff had not presented any evidence, whether direct or circumstantial, that Defendant Keener destroyed his legal property because of Plaintiff's legal filings. In his objections, signed under penalty of perjury, Plaintiff states that "Keener in fact told me he's destroying my property due to he does not want me to file any more complaints, habeas corpus and lawsuits. . . [and] that he's going to continue his actions until I stop filing against CSP-Corcoran." Obj. 1, ECF No. 54. Plaintiff has therefore provided evidence, however slight, to create a genuine dispute of material

fact. Defendant Keener is not entitled to summary judgment on this retaliation claim and the Findings and Recommendations are modified in this regard.

Finally, the Court found that Defendants were entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress because he had not alleged compliance with the California Tort Claims Act. In his objections, Plaintiff states that he "did in fact file a claim with the Board of Control Government Claim Board." Obj. 2. Plaintiff's statement, without additional details or supporting evidence, is insufficient to overcome summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on June 17, 2013, are adopted in part and modified as stated herein;

2. This action proceeds on Plaintiff's First Amended Complaint, filed on March 16, 2012, on the following claims: (1) the Eighth Amendment excessive force claim against Defendants Keener, Johnson, and Guajardo; and (2) the retaliation claim against Defendant Keener based on his ordering of the August 24, 2010, attack, and his alleged destruction of Plaintiff's legal property.

3. Plaintiff's other claims fail to state a claim, as stated herein, and are dismissed with prejudice;

4. Defendants Lewis, Manquero and Gonzalez are dismissed from this action; and

5. The matter is referred the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

   Dated:   **July 22, 2013**               **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE