# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKET,<br><br>    Plaintiff,<br><br>  v.<br><br>LEWIS, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01565 LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(Documents 68, 69) |

    Plaintiff Durrell Anthony Puckett ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Pursuant to the July 25, 2013, Second Scheduling Order, this matter is set for trial on January 7, 2014.

    On July 23, 2013, the Court ordered that this action proceed on (1) the Eighth Amendment excessive force claim against Defendants Keener, Johnson, and Guajardo; and (2) the retaliation claim against Defendant Keener based on his ordering of the August 24, 2010, attack, and his alleged destruction of Plaintiff's legal property. The Court granted summary judgment on all other claims and Defendants Lewis, Manquero and Gonzalez were dismissed from the action.

    On July 26, 2013, the Court denied Plaintiff's request for counsel

    On July 31, 2013, Plaintiff filed a Notice of Appeal of the Court's dismissal of Defendants Manquero and Gonzalez. Plaintiff also requested a stay of all proceedings in this Court pending resolution of the appeal.

1

1    Plaintiff's appeal was processed to the Ninth Circuit on July 31, 2013. The Court did not
2    explicitly address Plaintiff's request to stay the action.
3    On August 7, 2013, Plaintiff filed two motions for reconsideration seeking (1)
4    reconsideration of the Court's denial of his motion for counsel; and (2) reconsideration of the
5    Court's ruling on Plaintiff's request to stay the action. The Court construes his requests as motions
6    pursuant to Federal Rule of Civil Procedure 60(b).
7    Defendants did not oppose the motions and they are deemed submitted pursuant to Local
8    Rule 230(l).

9    **A.    LEGAL STANDARD**

10   Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
11   relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only
12   where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)
13   (internal quotations marks and citation omitted). The moving party "must demonstrate both injury
14   and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).
15   Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts
16   or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
17   or what other grounds exist for the motion," and "why the facts or circumstances were not shown at
18   the time of the prior motion."

19   "A motion for reconsideration should not be granted, absent highly unusual circumstances,
20   unless the district court is presented with newly discovered evidence, committed clear error, or if
21   there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
22   present evidence for the first time when they could reasonably have been raised earlier in the
23   litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
24   2009) (internal quotations marks and citations omitted) (emphasis in original).

25   **B.    MOTION FOR COUNSEL**

26   In his motion for reconsideration, Plaintiff contends that he is a mental health patient and
27   tried to kill himself on July 8, 2013. He states that he hears voices and has hallucinations, and that
28   he will no longer have legal assistance after a transfer on August 1, 2013.

Plaintiff made similar arguments in his June 17, 2013, motion for counsel, stating that he was a mental health patient who heard voices, had hallucinations and was suicidal/homicidal. The Court denied the motion on July 26, 2013. However, prior to ruling on the motion, the Court contacted the Litigation Coordinator at Corcoran State Prison, where Plaintiff was housed at the time, out of an abundance of caution given Plaintiff's statements in his motion. Based on the information provided to the Court, the Court concluded that there appeared to be no safety or security concerns, and that Plaintiff's situation had not changed during the course of these proceedings.

Plaintiff presents no grounds for reconsideration in his motion. Insofar as he relies on his mental health issues, the Court has inquired into the issues and determined that they do not warrant appointment of counsel. As to Plaintiff's claim that he will no longer have legal assistance after his transfer, the lack of inmate assistance does not warrant the appointment of counsel.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

**C.    MOTION TO STAY**

As a threshold issue, the Court did not explicitly rule on Plaintiff's request to stay the action pending appeal. In any event, an order is not appealable unless it disposes of all claims as to all parties. Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981). Here, the order Plaintiff seeks to appeal granted summary judgment only to certain claims and Defendants. It did not dispose of all claims in this action.

Accordingly, because the Court's order granting summary judgment as to certain claims and Defendants was not appealable, Plaintiff's request is DENIED.

IT IS SO ORDERED.

Dated:   **September 6, 2013**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

3